PAUL BURKETTE,

       Plaintiff,

v.

TODD WARING, in his individual capacity;
KENNETH HURST, in his individual
capacity; KEVIN WEBER, in his individual
capacity; and COUNTY OF OAKLAND,

       Defendants.

                                   /

Case No. 10-10230

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT OAKLAND COUNTY'S MOTION TO DISMISS [13] AND REMAINING DEFENDANTS' CONCURRENCE [17]**

This matter comes before the Court on Defendant Oakland County's Rule 12(b)(6) motion to dismiss Plaintiff's complaint and the remaining Defendants' concurrence in that motion to dismiss [13,17].[1] Plaintiff's First Amended Complaint, filed on February 9, 2010, is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and alleges that (1) Defendants Waring and Weber violated Plaintiff's Fourth Amendment rights by seizing and arresting him without probable cause (Am. Compl. ¶ 20.A); (2) Defendant Waring violated Plaintiff's Fourth Amendment rights by using excessive force when he tasered Plaintiff (*Id.* at ¶ 20.B); (3) Defendants Waring, Weber, and Hurst conspired to violate Plaintiff's Fourth Amendment rights by agreeing to make an unlawful traffic stop, to arrest Plaintiff without probable cause, and to use excessive force on him (*Id.* at ¶¶ 20.C, 20.D); (4) Defendant Oakland

----

[1]The motion and concurrence are collectively referenced herein as Defendants' motion.

County is subject to municipal liability because it created policies, practices and customs, including inadequate training, concerning traffic stops and seizures of citizens that were the moving force behind the individual Defendants' conduct that violated Plaintiff's constitutional rights (*Id.* at ¶¶ 20.E, 20.F); (5) Defendants' unconstitutional conduct caused Plaintiff to be prosecuted and imprisoned for a parole violation without probable cause (*Id.* at ¶ 21); and (6) Defendants violated Plaintiff's right to a fair trial as guaranteed by the Sixth Amendment (*Id.* at ¶ 20).

For the reasons stated below, Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART.

## I.  Facts

The events giving rise to this lawsuit occurred on January 30, 2007.  At around 9:00 p.m., Plaintiff alleges that two uniformed officers, Defendants Oakland County Sheriff Deputies Waring and Weber, were in a marked police car and pulled him over while he was driving in the City of Pontiac, located in Oakland County, Michigan.  (Am. Compl. ¶ 12.) Plaintiff, who was out on parole from the Michigan Department of Corrections for a prior conviction, pulled his vehicle into a residential driveway, exited his vehicle, and then began to run away from his vehicle.  Plaintiff further alleges that, suddenly and without warning, Defendant Waring tasered him, knocking him to the ground.  Defendant Weber searched Plaintiff and found five .38 caliber bullets in Plaintiff's right front coat pocket.  Plaintiff was arrested and charged with three counts related to being a felon in possession of a firearm and one count of driving with a suspended license.  (*Id.* at ¶¶ 14-15; Pl.'s Resp. at 1, Ex. 1, Parole Viol. Rpt.)

On February 5, 2007, after being in the Oakland County jail for five days, Plaintiff was served with a Notice of Parole Violation Charges for his alleged conduct on January 30, 2007. That Notice described parole condition violations including (1) allegations that Plaintiff attempted to flee and elude the police; (2) that Plaintiff possessed a handgun on his person; (3) that Plaintiff possessed five .38 caliber bullets on his person; and (4) that Plaintiff was operating a motor vehicle while his license was suspended. (Pl.'s Resp. at 4, Ex. 2, Notice.)

On March 8, 2007, the firearm-related charges against Plaintiff were dismissed by Judge Preston Thomas, 50th District Court, Docket No. 07-53495SL. (*Id.* at ¶ 16; Pl.'s Ex. 3, Suppl. Parole Viol. Rpt.)

After the criminal charges against Plaintiff were dismissed, he was returned to the Michigan Department of Corrections as a parole violator. On April 18, 2007, after a formal parole violation hearing, Plaintiff was found guilty of fleeing and eluding, as well as having five .38 caliber bullets in his possession on January 30, 2007. He was found not guilty of possession of a handgun and driving with a suspended license. (Pl.'s Resp., Ex. 4, Parole Viol. Formal Hrg. Summary and Recommendation at 2.)

Plaintiff filed his § 1983 complaint in January 2010. His First Amended Complaint was filed on February 9, 2010. The discovery cut-off date in this matter is October 1, 2010; the dispositive motion cut-off date is November 1, 2010; and a jury trial is scheduled to begin on March 1, 2011.

## II.    Rule 12(b)(6) Motion to Dismiss Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume

that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1950 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (internal quotation marks and citation omitted). Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine

whether they plausibly give rise to an entitlement to relief." *Id.* In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 1949 (internal quotation marks and citation omitted).

## III. Analysis

### A. *Heck v. Humphrey* and Plaintiff's § 1983 Claims

Defendants first argue that Plaintiff's § 1983 claims arising from the revocation of his parole and subsequent imprisonment are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). This Court agrees.

It is undisputed that Plaintiff was incarcerated as a result of his parole being revoked by the Michigan Parole Board. In *Heck v. Humphrey*, the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-87. The Sixth Circuit has observed that *Heck* "applies to proceedings that call into question the fact or duration of parole or probation." *Noel v. Grzesiak*, 96 F. App'x 353, 354 (6th Cir. 2004) (internal quotation marks and citation omitted).

Plaintiff did not challenge the validity of the Parole Board's decision to revoke his parole and did not seek a writ of habeas corpus challenging the lawfulness of his incarceration as a result of being found guilty of parole violations.[2] Thus, the question

---

[2]To the extent Plaintiff argues that the Michigan Parole Board improperly considered evidence seized during an unlawful arrest, this claim lacks merit. The Fourth Amendment

presented here is "whether his § 1983 suit is an attempt to invalidate" his parole revocation

and subsequent imprisonment. *Schreiber v. Moe*, 596 F.3d 323, 334 (6th Cir. 2010).

Because a successful due process or probable cause challenge to Plaintiff's parole

revocation would necessarily imply the invalidity of that underlying parole revocation,

Plaintiff's § 1983 claims challenging his parole revocation and subsequent incarceration are

barred by *Heck*.

Defendants' motion does not raise a *Heck v. Humphrey* challenge addressing

Plaintiff's § 1983 claims asserting Fourth Amendment violations arising out of Defendants'

allegedly unlawful traffic stop, seizure and arrest without probable cause, and use of

excessive force. As to those claims, Plaintiff emphasizes that he served five days in the

Oakland County Jail before being served with the Notice of Parole Violation and thus seeks

damages for the five-day period of incarceration that is independent of his parole violation

charges. (Pl.'s Resp. at 4.) Because there was no underlying conviction arising from

Plaintiff's January 30, 2007 traffic stop and arrest, *Heck v. Humphrey* does not preclude

Plaintiff's § 1983 claims here alleging Fourth Amendment violations. Accordingly,

Defendants' motion to dismiss is granted as to Plaintiff's § 1983 claims challenging his

parole revocation and subsequent incarceration and denied as to Plaintiff's § 1983 claims

alleging Fourth Amendment violations arising from his January 30, 2007 traffic stop, arrest,

tasering, and imprisonment for five days.[3]

---

exclusionary rule does not apply to parole revocation proceedings. *See Pennsylvania Bd. of Probation and Parole v. Scott*, 524 U.S. 357, 362-64 (1998).

[3]Because the sufficiency of Plaintiff's claims asserted against Defendant Kenneth Hurst and conspiracy claims asserted against the individual Defendants were not briefed and only raised by the Court at the hearing held on June 16, 2010, the Court determines that these

**B. Sixth Amendment Right to Fair Trial**

As discussed above, Plaintiff's claim alleging a violation of his Sixth Amendment right to a fair trial in connection with his parole revocation is barred by *Heck v. Humphrey*. Plaintiff does not allege any facts that would give rise to a Sixth Amendment violation in connection with his January 30, 2007 traffic stop, arrest, and tasering.

**C. Municipal Liability**

It is well-established that a municipality may not be held liable under § 1983 based upon a theory of *respondeat superior*. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). "Rather, municipal liability arises only 'when execution of a government's policy or custom, whether made by lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" *McCollum v. Bahl*, No. 1:08-CV-96, 2008 WL 5396248, *4 (W.D. Mich. Dec. 18, 2008) (quoting *Monell*, 436 U.S. at 694). "In addition, there must be an 'affirmative link between the policy and the particular constitutional violation alleged.'" *Id.* (quoting *Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985)). Moreover, "[t]he courts recognize a systematic failure to train police officers adequately as custom or policy which can lead to city liability." *Gregory v. City of Louisville*, 444 F.3d 725, 753 (6th Cir. 2006). "Only when the failure to train amounts to 'deliberate indifference' on behalf of the city toward its inhabitants, however, will failure to train lead to city liability under § 1983." *Id.*

Defendants argue that, because Plaintiff fails to identify a specific policy or custom that he claims caused his alleged Fourth Amendment violations, his § 1983 claims of

_____

claims are best addressed at the summary judgment stage of this litigation.

municipal liability are subject to dismissal under Rule 12(b)(6). This Court disagrees. Plaintiff has identified a specific policy or custom that he claims caused his Fourth Amendment rights to be violated — the failure to adequately train Oakland County deputies as to the correct procedures for legal traffic stops and arrests. Plaintiff further alleges a causal link between this policy or custom of inadequate training and the alleged constitutional violations by alleging that it was the "moving force" behind the alleged unconstitutional behavior. This is enough to state a claim of municipal liability. *See Graham ex rel Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004). *See also Iqbal*, 129 S. Ct. at 1429 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). Defendants' motion is denied with regard to Plaintiff's § 1983 claim of municipal liability.

## IV. Conclusion

For the above-stated reasons, Defendant Oakland County's Rule 12(b)(6) motion to dismiss Plaintiff's complaint and the remaining Defendants' concurrence in that motion to dismiss [13,17] is GRANTED IN PART and DENIED IN PART. Defendants' motion is GRANTED as to the following claims: (1) Plaintiff's § 1983 claims challenging his underlying parole revocation and subsequent incarceration; and (2) Plaintiff's Sixth Amendment claim concerning the right to a fair trial. Defendants' motion is DENIED as to these remaining claims: (1) Plaintiff's § 1983 claims against Defendants Waring and Weber asserting that his Fourth Amendment rights were violated on January 30, 2007 when he was allegedly arrested without probable cause and unlawfully tasered; (2) Plaintiff's § 1983 municipal liability claim alleging that Defendant Oakland County's policy or custom of inadequate

training was the moving force behind the alleged Fourth Amendment violations; (3)

Plaintiff's § 1983 conspiracy claims against all Defendants; and (4) Plaintiff's § 1983 claims

against Defendant Hurst.


       s/Nancy G. Edmunds               
       Nancy G. Edmunds
       United States District Judge

Dated:  June 22, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record
on June 22, 2010, by electronic and/or ordinary mail.

       s/Carol A. Hemeyer               
       Case Manager